## RAMON VALDES

*v.*

## N. B. K. PETTINGILL AND F. L. CORNWELL.

San Juan, Law, No. 616.

1. The matter as to whether a foreigner or a citizen of the United States, resident in Porto Rico, when sued in an insular court by a Porto Rican or by foreigners, or even by other citizens of the United States, can remove the case to this court, is *stare decisis* against the right to remove, under authority of Wenar v. Pohl, 1 Porto Rico Fed. Rep. 37.

2. In a case where the insular court, on application of such resident defendant, sends a case here by a proper order, and the same being a case wherein, under the law, this court would have had jurisdiction as to all the parties impleaded had the cause been filed here in the first instance, it is discretionary with the court as to whether or not it will remand the cause on motion of the plaintiff; and where it appears, as in the case at bar, that other phases of the subject-matter of the litigation are already pending in this court, which took jurisdiction in the first instance, the motion to remove the case will be denied.

3. *Quære:* Whether the language of the Supreme Court of the United

Valdes v. Pettingill.

States in Garrozi v. Dastas, 204 U. S. 71–73, 51 L. ed. 375, 376, 27 Sup. Ct. Rep. 224, is a sufficient intimation that the opinion of that court would be against the ruling in Wenar v. Pohl, supra.

Opinion filed June 18, 1909.

---

*Mr. Martin Travieso,* attorney for plaintiff.

*Mr. Robert H. Todd,* attorney for defendants.

RODEY, Judge, filed the following opinion:

This cause is before us on a motion to remand it to the insular court. We have given the matter a great deal of consideration, and will refuse at this time to pass upon the general proposition involved.

The matter in that regard as to this court in a general sense is *stare decisis* in favor of plaintiff's position that the cause should be remanded. Wenar v. Pohl, 1 Porto Rico Fed. Rep. 37. But we think the proper place to have resisted the removal of the cause here was in the insular court.

Because the matter involved in this particular suit is also involved in other suits pending here, which will soon be disposed of, and, further, because this court, some time ago, refused to entertain the subject-matter of the cause of action here on the ground that it was premature, and the plaintiff resorted to the insular court for that reason only, and because the court can now entertain the subject-matter here, and because this court had original jurisdiction in the premises, and the insular court, of its own volition, devested itself of jurisdiction, and

Valdes v. Pettingill.

sent the case here, it will not be remanded, and the motion will therefore be denied.

We express no opinion at this time as to whether or not the language of Mr. Justice White in Garrozi v. Dastas, 204 U. S. 71–73, 51 L. ed. 375, 376, 27 Sup. Ct. Rep. 224, is sufficient to overrule the general holding of our predecessor on this bench in Wenar v. Pohl, supra.

Therefore, we, at this time, express no opinion on the general proposition as to whether or not a foreigner or a citizen of the United States, being a resident of Porto Rico, when sued in an insular court, either by Porto Ricans, foreigners, or citizens of the United States, can, in cases where this court would have jurisdiction originally as to all the parties impleaded, as matter of law remove the case here notwithstanding such residence of such defendants in Porto Rico. When a case arises where an insular court refuses to grant a motion to remove on account of such residence in Porto Rico of the defendants in such a case, it will be time enough to decide the matter here.